IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFREDO J. MONTEON,

    Petitioner,               No. CIV S-07-0669 GEB EFB P

    vs.

BOARD OF PAROLE HEARINGS, et al.,

    Respondents.         FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the April 9, 2007, petition in which petitioner seeks relief from the Board of Parole Hearings's ("Board") 2004 decision denying parole, which he claims was made in violation of California Penal Code § 3041, California Code of Regulations § 2402(d), and his constitutional right to due process under the Fourteenth and First Amendments. Respondents move to dismiss this action upon the ground petitioner failed to exhaust state remedies. For the reasons explained below, the court recommends that respondents' motion be granted.

////

////

## I. Procedural History

Petitioner was convicted of first-degree murder and robbery on January 16, 1987, and sentenced to 25 years to life plus three years. Pet., at 1. Petitioner had a parole hearing and the Board voted to deny parole on August 26, 2004. Pet., Exs. 14 & 17.

Petitioner filed a petitions for writs of habeas corpus in Los Angeles Superior Court on December 27, 2002, and April 7, 2003, regarding the Board's failure to set a parole date on March 27, 2002. Pet., Ex. 19. That petition was denied on April 22, 2003. *Id*. Petitioner filed a third petition for habeas corpus relief in Los Angeles Superior Court on January 20, 2005, which was denied on April 11, 2005. Pet., Ex. 20.

The California Court of Appeal for the Second Appellate District denied petitioner habeas corpus relief on September 7, 2005, with a citation to *In re Rosenkrantz*, 29 Cal.4th 616, 667 (2002). Pet., Unnumbered Attach., page 93 of 157.

The California Supreme Court denied petitioner's application for habeas corpus relief on September 27, 2006, with citations to *In re Rosenkrantz*, 29 Cal.4th 616, 658 (2002) and *In re Dannenberg*, 34 Cal.4th 1061, 1084 (2005). Resps.' Mot. to Dism., Ex. 1.

## II. Standards

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek

discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court).  A mixed petition, i.e., one containing exhausted and unexhausted claims, ordinarily must be dismissed.  *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  However, the court may stay a mixed petition to allow a petitioner to present unexhausted claims to the state courts.  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

**III.    Analysis**

Respondents argue that petitioner failed to present several of his claims in his petition to the California Supreme Court.  They attach a copy of his petition to that court, arguing that the only claim he presented was that the Board's 2004 decision finding him unsuitable for parole violates California Penal Code section 3041 and due process "because it is not supported by sufficient reliable evidence that petitioner presents a continuing public safety threat."  Resps.' Mot. to Dism., Ex. 1.  In the instant petition, however, petitioner presents three claims: (1) that the Board's 2004 decision finding him unsuitable for parole violates California Penal Code section 3041 and due process "as it is not supported by sufficient reliable evidence that Petitioner is a continued threat to public safety"; (2) that the Board violated his First Amendment rights; and, (3) that the Board failed to provide him with a fair and impartial hearing.  Petitioner only presented his claim that the Board's decision violated California law and due process because it was unsupported by the evidence to the California Supreme Court.

The exhibits attached to the petition and the motion to dismiss, together with petitioner's opposition to that motion, demonstrate that petitioner has failed to exhaust his state court remedies except as to his due process challenge to the Board of Prison Terms' decision denying the 2004 application for parole.  *Id*.  Petitioner has therefore failed to provide the "substance of his federal habeas corpus claim" to the state courts.  *Picard v. Connor*, 404 U.S. at 278.

////

Petitioner has not requested a stay of the proceedings for the purpose of exhausting these new claims. Instead, petitioner has stated that "should this court deem the last two issues unexhausted, the petitioner is willing to drop them." Pet'r's Opp'n, at 3.

Accordingly, it is hereby RECOMMENDED that respondent's August 17, 2007, motion to dismiss be granted and that petitioner be given leave to file an amended petition within 30 days raising only his exhausted claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 21, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

\

4