UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ALFREDO MONTEON,

    Petitioner,

v.

BOARD OF PAROLE HEARINGS, et al.,

    Respondents.

NO. CV-S-07-0669-JLQ

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**BEFORE THE COURT** is Mr. Alfredo Monteon's pro se Amended Petition for Writ of Habeas Corpus (Ct. Rec. 11) pursuant to 28 U.S.C. § 2254, to which the Respondent has Responded in Opposition (Ct. Rec. 16) and Mr. Monteon has Replied by Traverse (Ct. Rec. 17). Mr. Monteon's sole contention is that the California Board of Parole Hearings violated his Constitutional due process rights because its 2004 parole decision denying him release was not supported by sufficient reliable evidence to find that Mr. Monteon presented a continuing public safety threat.

I. Introduction

A. Facts

Petitioner, Alfredo Monteon ("Monteon") is currently serving a sentence of 25 years to life in California state prison. Mr. Monteon's 1987 conviction for first degree murder, which is not being contested, was based on his involvement in the robbery and murder of Mohammed Mousavi in Los Angeles, California. *See* Ct. Rec. 16, ¶ 2 for a full factual discussion of the underlying criminal conviction.

On August 26, 2004, the California Board of Parole Hearings ("Board") found Mr. Monteon unsuitable for parole. The Board gave a number of reasons for this ruling: the

ORDER - 1

underlying offense was carried out in a calculated and dispassionate manner, the victim was abused and mutilated during the offense, the motive for the crime was inexplicable, and Mr. Monteon's somewhat escalating pattern of criminal conduct and unstable social history.  Mr. Monteon remains incarcerated in California state prison.

B.  Procedural History

Following the Board's decision, Mr. Monteon filed a petition for habeas corpus relief in Los Angeles Superior Court, which was denied on April 11, 2005.  Ct. Rec. 11, Ex. 20; Super. Ct. No. BH003161.  On September 7, 2005, the California Court of Appeals for the Second Appellate District denied Mr. Monteon's petition for habeas corpus relief, citing *In re Rosenkrantz*, 29 Cal.4th 616, 658 (Cal. 2002) and *In re Dannenberg* 34 Cal.4th 1061, 1084 (Cal. 2005).  Ct. Rec. 10, 2:10-12; Case No. B185264.  On September 27, 2006, the California Supreme Court denied Mr. Monteon's petition for habeas corpus relief in a slip opinion, again citing *In re Rosenkrantz* and *In re Dannenberg*.  Ct. Rec. 11, 8; Case No. S140614.

Mr. Monteon filed a Petition for Writ of Habeas Corpus (Ct. Rec. 1) in the United States District Court for the Eastern District of California on April 9, 2007.  The Board of Parole Hearings moved to dismiss the Petition for failure to exhaust state remedies (Ct. Rec. 8), and on February 21, 2008, a magistrate judge recommended dismissing all claims for failure to exhaust.  Ct. Rec. 10.  The recommendation was adopted by Judge Burrell (Ct. Rec. 13), and Mr. Monteon was granted leave to file an amended Petition raising only his exhausted claim.  On March 14, 2008, Mr. Monteon filed his Amended Petition for Writ of Habeas Corpus raising the one claim at issue before the court.  Ct. Rec. 11.

## II.  Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the

ORDER - 2

facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

Mr. Monteon's Petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as his federal petition was filed in 2007. *Woodford v. Garceau*, 538 U.S. 202, 210 (2003)(holding that AEDPA applies to applications filed in the federal courts after April 24, 1996). "We . . . review the state court's determinations through a "highly deferential" lens." *Matylinksy v. Budge,* 577 F.3d 1083, 1090 (9th Cir. 2009).

### III.  Discussion

A.  <u>The Amended Petition is Timely</u>

The Respondent does not dispute that Mr. Monteon has exhausted his state remedies for the sole claim before the court. Ct. Rec. 16, 3:3-4. The Respondent disputes that the Petition was timely filed pursuant to 28 U.S.C. § 2244(d)(1). Ct. Rec. 16, 3:7-8. 28 U.S.C. § 2244 reads in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . "

It is clear that Mr. Monteon's first Petition, filed on April 9, 2007, about seven months after the California Supreme Court denied his state claim, was timely. Mr. Monteon's Amended Petition admittedly falls outside the one-year statutory window of 28 U.S.C. § 2244(d)(1)(A), but he was granted leave to amend by the court. Such amendment relates back to the timely filed initial Petition. *See* Fed. R. Civ. P. 15(c); *Anthony v. Cambra*, 236 F.3d 568, 576 (9th Cir. 2000). Mr. Monteon's Amended Petition was timely filed.

B.  <u>Is Mr. Monteon Entitled to Habeas Relief?</u>

Pursuant to 28 U.S.C. § 2254, there are three ways Mr. Monteon may gain habeas relief: he may show that the state court rulings were (1) contrary to, or (2) unreasonably applied, clearly established Federal law, or (3) he may show that the state court rulings

ORDER - 3

were premised on an unreasonable factual determination.

*1. Were the California state rulings contrary to clearly established Federal law?*

"A state court decision is 'contrary to' clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases or if the state court confronts a set of facts materially indistinguishable from those at issue in a decision of the Supreme Court and, nevertheless, arrives at a result different from its precedent." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004)(citing *Lockyer v. Andrade*, 538 U.S. 63, 73, (2003)).

In arguing what constitutes "clearly established Federal law" regarding parole boards, Respondent primarily relies on *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979).

> There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. The natural desire of an individual to be released is indistinguishable from the initial resistance to being confined. But the conviction, with all its procedural safeguards, has extinguished that liberty right: "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."

*Id.,* at 7, quoting *Meacham v. Fano*, 427 U.S. 215, 224 (1976). The Court goes on to note that the Nebraska procedures afforded an inmate the opportunity to be heard, and this opportunity afforded the process that was due. *Greenholtz*, 442 U.S., at 16. "The Constitution does not require more." *Id.*

The analysis does not, as Respondent argues, end with *Greenholtz*. In *Superintendent v. Hill*, the Supreme Court held that "revocation of good time does not comport with 'the minimum requirements of procedural due process,' unless the findings of the prison disciplinary board are supported by some evidence in the record." 472 U.S. 445, 454 (1985)(quoting *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974)). This "some evidence" standard for meeting due process requirements has been applied by the Ninth Circuit in considering petitions for writs of habeas corpus from inmates incarcerated in California's prisons. *See Irons v. Carey*, 505 F.3d 846, 850-51 (9th Cir. 2007); *Sass v. California Bd. of Prison Terms,* 461 F.3d 1123, 1128-29 (9th Cir. 2006).

ORDER - 4

Thus, the determination that must be made is whether or not the California state rulings in Mr. Monteon's case applied a rule that was contrary to the "some evidence" standard mandated by *Hill*. The California Board and subsequent state courts, at all levels, applied the "some evidence" standard, thus the rulings are not contrary to clearly established Federal law. All three levels of California state courts that considered Mr. Monteon's petition for habeas relief considered the Board's decision through the lens of *In re Dannenberg*, 34 Cal.4th 1061, 1084 (Cal. 2005)("So long as the Board's finding of unsuitability flows from pertinent criteria, and is supported by "some evidence" in the record before the Board, the overriding statutory concern for public safety in the individual case trumps any expectancy the indeterminate life inmate may have in a term of comparative equality with those served by other similar offenders.") and *In re Rosenkrantz,* 29 Cal.4th 616, 658 (Cal. 2002)(If the [Board's] decision's consideration of the specified factors is not supported by some evidence in the record and thus is devoid of a factual basis, the court should grant the prisoner's petition for writ of habeas corpus and should order the Board to vacate its decision denying parole and thereafter to proceed in accordance with due process of law.), both of which mandate use of the "some evidence" standard of *Hill* for reviewing parole decisions.

In applying the "some evidence" standard when considering Mr. Monteon's petition, the decisions of the Board and the California state courts were not contrary to clearly established federal law.

*2. Did the California state rulings unreasonably apply Federal law?*

Mr. Monteon more fervently argues that the Board and California state courts erred in concluding that a reasonable application of the "some evidence" standard to the facts of his case could result in denial of parole. Under the "unreasonable application" test, a federal habeas court may grant a writ of habeas corpus with respect to claims adjudicated on the merits in state court if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 409-10

ORDER - 5

(2000). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable." *Lockyer*, 538 U.S. at 75.

State court decisions are accorded a high degree of deference by Federal habeas courts. *Matylinsky, supra*. Whether this court agrees with the Board and California state court rulings is irrelevant, only the reasonableness of these decisions may be considered. The Los Angeles County Superior Count explained its finding of "some evidence" justifying the Board's decision:

> The Board found petitioner unsuitable for parole because the commitment offense was carried out in a calculated, dispassionate manner (Cal. Code. Regs., tit. 15, §2402(c)(1)(B)), the victim was abused or mutilated during the offense (Cal. Code. Regs., tit. 15, §2402(c)(1)(C)), and the motive was inexplicable (Cal. Code. Regs., tit. 15, §2402(c)(1)(E)). The record reflects petitioner and two crime partners decided to lure the victim, for whom one of the crime partners had previously worked, to a residence to rob him. A female crime partner called the victim and invited him to her home to engage in sex. When he arrived, petitioner and a male crime partner hid in a closet in the bedroom with a barbell and rolling pin. After the victim undressed, petitioner and his male crime partner exited the closet and struck him repeatedly with the barbell and rolling pin until he died. They then wrapped the body in a bedspread and put it in a car. They drove the car to another location, and using a rag and can of gasoline, set the car on fire. They split the victim's cash, which amount [sic] to a total of $1,200.

Ct. Rec. 11-2, 89:18-90:4. The court agreed with Petitioner that there was no evidence supporting the Board's conclusion that the motive was inexplicable, as robbery was the clear motive (Ct. Rec. 11-2, 90:6-11), but went on to conclude that "the record contains 'some evidence' to support the Board's finding that petitioner is unsuitable for parole." Ct. Rec. 11-2, 89:16-17. This finding of some evidence supporting the Board's decision was affirmed by both the California Court of Appeals and California Supreme Court.

Mr. Monteon argues that his rehabilitation efforts (Ct. Rec. 17, 14), the findings of various psychological examinations, conducted between 1987 and 2004 concluding that he would pose a low risk to society if released (Ct. Rec. 11, 12-15), and his belief that these factors were not weighed appropriately against his underlying offense, prove that the Board's and state court's application of the "some evidence" standard to the facts of his case was unreasonable. This court does not agree.

ORDER - 6

The California state courts finding of some evidence to support the Board's decision was reasonable when considering the totality of the evidence, including the brutality of the underlying crime, against the rehabilitative progress Mr. Monteon has made. These findings do not constitute an unreasonable application of clearly established Federal law.

*3. Were the California state rulings based on an unreasonable determination of the facts?*

Mr. Monteon does not argue that the facts utilized by the Board and the state courts were unreasonably determined. In fact, he admits to all of them. Rather, he argues, as addressed *supra*, that the "some evidence" standard was unreasonably applied to these undisputed facts.

## IV. Conclusions

The Board and California state courts did not apply a standard that was contrary to clearly established Federal law in denying Mr. Monteon habeas relief, nor did they apply the "some evidence" standard in an unreasonable manner to the facts of his case. There was no evidence of any unreasonable factual determination at any stage of the proceedings. Accordingly,

**IT IS HEREBY ORDERED**:

Mr. Monteon's Amended Petition for Writ of Habeas Corpus (Ct. Rec. 11) must be and is **DENIED**.

The Clerk is hereby directed to enter this Order, enter judgment in accordance herewith, furnish copies to counsel and Mr Monteon, and close the case file.

**DATED** this 30th day of October, 2009.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE